UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BILYK INVESTMENT GROUP LLC,

Plaintiff,

v.

YOEL GETTER; RIVERSIDE CAPITAL NY, LLC; DREW MATTHEW HAGERMAN; RODERICK D. WOODS, ESQ.; and RODERICK D. WOODS P.C.,

Defendants.

26-cv-3671 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Defendants Roderick D. Woods P.C. and Roderick D. Woods, Esq., among others, are alleged to have engaged in a scheme to fraudulently recover an unpaid debt from Plaintiff Bilyk Investment Group LLC ("Bilyk"). Defendants Roderick D. Woods P.C. and Woods move, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss for improper venue or, in the alternative, to transfer venue to the United States District Court for the District of Connecticut. See ECF No. 47. For the reasons stated below, the motions to dismiss and to transfer venue are denied.

## I. Background

Plaintiff Bilyk, a Florida limited liability company, entered into a merchant cash advance agreement with defendant Riverside

Capital NY, LLC ("Riverside") in August 2025.[1] See ECF No. 4 ("Compl.") ¶¶ 20, 23. Under the agreement, Riverside paid $300,000 for up to $447,000 of Bilyk's future receivables, which Bilyk agreed to pay Riverside through fixed weekly payments of $29,000. See id. ¶ 23. But Bilyk defaulted on its payments to Riverside shortly after it received the $300,000 payment. See id. ¶ 26.

Riverside retained defendant Woods, an attorney at defendant Roderick D. Woods P.C., to pursue available remedies. In March 2026, Woods served Bank of America in Connecticut with a prejudgment writ of attachment directing the bank to attach $523,375 of Bilyk's property, the total alleged balance of the debt. See id. ¶¶ 37, 39; ECF No. 47-1 ¶¶ 11-13. Woods also filed a complaint against Bilyk in Connecticut state court to recover those funds. See ECF No. 47-1 ¶ 11. And Riverside and defendants Yoel Getter and Drew Matthew Hagerman, employees of Riverside, sent notices to Bilyk's account debtors directing them to pay Bilyk's alleged debt. See Compl. ¶ 27.

On March 18, 2026, Woods sent Bank of America a letter on Roderick D. Woods P.C. letterhead stating that the parties had "fully settled th[eir] litigation privately pursuant to a written settlement agreement" and that Bilyk's "signature . . . below" authorized Bank of America to release $523,375 to Riverside. Id.

[1] For purposes of resolving the motion to dismiss for improper venue, the Court relies on pleadings and affidavits. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

¶¶ 48, 52 (internal quotation marks omitted); see id. ¶ 47. The letter instructed Bank of America to send a check to Riverside in Florida. See id. ¶ 57. Bilyk alleges that the parties never entered into a written settlement agreement and that Bilyk never signed any authorization for the release of its funds. See id. ¶¶ 49-50, 53-54, 56.

On April 2, 2026, Bilyk's counsel contacted Woods seeking a copy of the settlement agreement Riverside claimed had been executed. See id. ¶ 72; ECF No. 4-5. That same day, Woods replied that Bilyk's counsel should "reach out directly to Yoel [Getter] to discuss." ECF No. 4-5. Wood's email contained a signature listing Roderick D. Woods P.C.'s New York address. Following the exchange, Woods did not revoke the March 18, 2026, letter to Bank of America or otherwise advise Bank of America that Bilyk disputed the authorization of the release of funds. See id. ¶¶ 82-83.

On April 20, 2026, Bilyk learned from Bank of America that a check of $523,375 had been mailed to Riverside in early April. See id. ¶ 101. Shortly thereafter, Bilyk filed this action against defendants Riverside, Getter, Hagerman, Woods, and Roderick D. Woods P.C., asserting civil RICO claims under 18 U.S.C. § 1962, as well as state law claims for fraud, forgery, conversion, civil theft, negligence, commercially unreasonable payment, aiding and abetting fraud, and unjust enrichment. Defendants Woods and

Roderick D. Woods P.C. now move to dismiss for improper venue or, in the alternative, to transfer venue.

## II. Legal Standard

When deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court must take all factual allegations in a plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. See Blakely v. Lew, 2013 WL 6847102, at *1 (S.D.N.Y. Dec. 30, 2013). A plaintiff "need only make a prima facie showing of venue." Glasbrenner, 417 F.3d at 355 (cleaned up). Even where venue is proper, the Court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), the movant bears the burden of establishing that a plaintiff's choice of forum is inappropriate. See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

## III. Analysis

Bilyk argues that venue is proper in this District under the federal venue statute, see 28 U.S.C. § 1391(b), or RICO's venue provision, see 18 U.S.C. § 1965(a). The Court reviews whether venue is proper "claim by claim." Wood v. Byrd, 2020 WL 550787, at *7 (S.D.N.Y. Feb. 4, 2020) (internal quotation marks omitted). Section 1965(a) provides that a civil RICO action "may

be instituted in the district court of the United States for any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Because defendant Roderick D. Woods P.C. is located in this District, see Compl. ¶ 18, and defendant Woods, a lawyer at Roderick D. Woods P.C., conducts substantial business in this District, see id. ¶ 17; ECF No. 4-3, venue is proper under § 1965(a) for Bilyk's civil RICO conspiracy claim, see Gates v. Wilkinson, 2003 WL 21297296, at *1 (S.D.N.Y. June 4, 2023).

The federal venue statute governs with respect to Bilyk's remaining non-RICO claims. That statute provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). To determine whether venue is proper, a court must first "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims" and second "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005).

Bilyk has not established that venue is proper under § 1391(b)(2) for its non-RICO claims. As alleged, the remaining claims are all premised on the purported forgery of Bilyk's signature on the March 18, 2026, letter to Bank of America; the

false representations in the letter that the parties settled and that Bilyk authorized the release of $523,275; and the ultimate failure to correct those false statements. See Compl. ¶¶ 129-210. Bilyk argues that venue is proper because Riverside's collection agent, which is located in this District, sent notices to Bilyk's account debtors directing them to pay Bilyk's alleged debt to Riverside before Bank of America disbursed the funds. See ECF No. 54 ("Mem. in Opp.") at 13. But even assuming that the collection agent's location is enough for venue to be proper in this District, the collection agent's notices to Bilyk's account debtors are not material to Bilyk's claims. See Glasbrenner, 417 F.3d at 357; see, e.g., Six Dimensions, Inc. v. Perficient, Inc., 2017 WL 10676897, at *4 (S.D.N.Y. Mar. 28, 2017).

Bilyk further argues that venue is proper because the March 18, 2026, letter was written on Roderick D. Woods P.C.'s letterhead, which lists the firm's New York address, and because Woods's emails to Bilyk's counsel included a signature, which also lists the firm's New York address. See Mem. in Opp. at 12; ECF No. 4-3; ECF No. 4-5. But the complaint contains no allegations that the March 18 letter was sent from this District, that the letter was received in this District, that the letter was forged in this District, or that the funds were sent to this District. See, e.g., Siegel v. Ford, 2017 WL

4119654, at *7 (S.D.N.Y. Sep. 15, 2017). Indeed, the complaint "contains no allegations that [d]efendants' actions occurred in New York." Lehrer v. J&M Monitoring, Inc., 2022 WL 2392441, at *9 (S.D.N.Y. July 1, 2022) (internal quotation marks omitted).

But the Court applies the doctrine of pendent venue over Bilyk's non-RICO claims because they "arise[] from the same nucleus of operative facts as [its] properly venued" RICO conspiracy claim. Basile v. Walt Disney Co., 717 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (internal quotation marks omitted). Defendants Roderick D. Woods P.C. and Woods cannot claim to be inconvenienced by defending against Bilyk's non-RICO claims in New York. See id. at 388; Compl. ¶¶ 17-18. And although the relevant documents and witnesses may be located in other districts, the evidence will be the same for Bilyk's RICO conspiracy and non-RICO claims. See Compl. ¶ 126; City of N.Y. v. Cyco.Net, Inc., 383 F. Supp. 2d 526, 544 (S.D.N.Y. 2005). It avoids piecemeal litigation and "serves the interests of judicial efficiency to hear [Bilyk's non-RICO] claims together with its claims under civil RICO." Cyco.Net, Inc., 383 F. Supp. 2d at 545. The Court accordingly denies the motion to dismiss for improper venue.

In the alternative, defendants Roderick D. Woods P.C. and Woods seek to transfer Bilyk's claims against them to the District of Connecticut. See 28 U.S.C. § 1404(a). But defendants

have not established that Bilyk's claims are properly venued in that district. Although a prejudgment writ of attachment was served on Bank of America in Connecticut, Bilyk's claims are premised on the allegedly forged and false letter sent to Bank of America after the writ was served. See Compl. ¶¶ 120-210; Glasbrenner, 417 F.3d at 357. Moreover, defendants have not provided a list of witnesses who are inconvenienced by testifying in the Southern District, see Dickerson v. Novartis Corp., 315 F.R.D. 18, 27 (S.D.N.Y. 2016), established that a suit in the Southern District would be inconvenient to them, or shown that documents would be difficult to transfer to the Southern District, see Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2005). Because defendants have not met their burden, the Court denies the motion to transfer.

## IV. Conclusion

For the foregoing reasons, the motions to dismiss for improper venue and to transfer venue are denied. The Clerk of Court is respectfully directed to close ECF No. 47.

New York, NY
October 8, 2026

JED S. RAKOFF, U.S.D.J.